DENTONS US LLP
Jeffrey L. Bleich (Bar No. 144340)
jeffrey.bleich@dentons.com
Kelly D. Fair (Bar No. 245408)
kelly.fair@dentons.com
Kate E. Hart (Bar No. 275121)
kate.hart@dentons.com
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105
Telephone: (415) 267-4000; Facsimile: (415) 267-4198

Attorneys for Plaintiff GUAYAKÍ SUSTAINABLE RAINFOREST PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUAYAKÍ SUSTAINABLE RAINFOREST PRODUCTS, INC., a California Corporation;<br><br>Plaintiff,<br><br>v.<br><br>YACHAK, LLC, a Nevada Limited Liability Company;<br><br>Defendant. | Case No. 3:17-cv-5809<br><br>**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF BASED ON TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff GUAYAKÍ SUSTAINABLE RAINFOREST PRODUCTS, INC., a California corporation ("GUAYAKÍ"), by and through its undersigned Counsel, files its Complaint against Defendant YACHAK, LLC ("YACHAK" or "Defendant"). In support of its Complaint, GUAYAKÍ alleges as follows:

1.     In 1996, GUAYAKÍ created the now-emerging yerba mate segment of the beverage industry. Recognizing that people were in need of a nourishing source of energy produced and marketed in a socially responsible manner, GUAYAKÍ immediately distinguished itself by launching a premium, sustainably harvested, forest-grown, fair-trade, organic yerba mate. In order to celebrate the cultural and traditional source of its products, and instill healthy, positive, and

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

energetic feelings in consumers, GUAYAKÍ yerba mate was distributed in a unique and distinctive packaging, one that could be distinguished easily from others that might appear on the shelves. GUAYAKÍ's strategy worked. In the more than 20 years that have passed, the GUAYAKÍ brand has become synonymous with high quality, yerba mate, sustainable and responsible production and distribution practices, fair-trade, and a business model that centers on the welfare of all people in the supply chain. Only GUAYAKÍ offers forest shade-grown yerba mate that is certified organic, fairly traded and sustainably produced.

2. Defendant YACHAK is a newcomer to the yerba mate market. Instead of branding and marketing Defendant's products to create a new brand image which consumers will associate with YACHAK, Defendant is attempting to capitalize on and misappropriate the well-established goodwill and reputation associated with GUAYAKÍ products by entering the market with a confusingly similar package to GUAYAKÍ's. Defendant's yerba mate is distributed in a can that mimics GUAYAKÍ's packaging and trade dress, yet conspicuously lacks any clear identification of YACHAK as its source.

3. Defendant's conduct and infringement of GUAYAKÍ's packaging and trade dress in an effort to confuse consumers violates the Lanham Act and California statutory and common law prohibiting trade dress infringement and unfair competition.

**PARTIES**

4. Plaintiff GUAYAKÍ is a California corporation with its principal place of business and headquarters in Sonoma County, California.

5. GUAYAKÍ produces and distributes organic, fair-trade yerba mate under the GUAYAKÍ brand name. GUAYAKÍ brand yerba mate is sold throughout the United States.

6. Defendant YACHAK, LLC, upon information and belief, is a corporation organized and existing under the laws of the State of Nevada, with its registered address at 4730 S. Fort Apache Rd., Suite 300, Las Vegas, Nevada 89147.

7. YACHAK is a producer and distributor of yerba mate doing business in the United States. Recently, YACHAK began producing and promoting a purportedly organic yerba mate featuring the same flavor offerings as GUAYAKÍ.

Case No.                                                                                          COMPLAINT

**JURISDICTION AND VENUE**

8.      This Court may exercise jurisdiction over Defendant because Defendant regularly transacts business in California, and the causes of action alleged herein arose in whole or in part in California.

9.      This Complaint alleges claims under the Lanham Act, making jurisdiction proper in this Court pursuant to Title 28 U.S.C. §§ 1331, 1338, and 1367.  The Complaint also alleges state law claims under California law that are so related to the federal question claim under the Lanham Act that they form part of the same case and controversy, thereby making the exercise of supplemental jurisdiction under Title 28 U.S.C. § 1367 appropriate and a service of judicial economy, convenience, and fairness to the parties.

10.     GUAYAKÍ is a California resident and markets and sells its GUAYAKÍ organic, fair-trade yerba mate in and from the State of California.

11.     Upon information and belief, Defendant promotes, markets, distributes, and sells or will sell its products, including YACHAK yerba mate, in the State of California.

12.     Venue is proper in this district pursuant to Title 28 U.S.C. § 1391(b) because Defendant conducts substantial business in this judicial district.

13.     Venue is also properly laid in this judicial district pursuant to Title 28 U.S.C. § 1391(b) on the ground that the infringing acts alleged herein arose, in whole or in part, within this judicial district.  Defendant advertises goods bearing the infringing trade dress and, upon information and belief, markets and intends to make sales in this judicial district.

**BACKGROUND**

**The Emergence of Yerba Mate as an Industry**

14.     Yerba mate is a plant, which when dried and steeped, is used to make an herbal tea which also commonly goes by the names "yerba" or "mate".  Well known for its nutritional benefits, yerba mate is a hydrating beverage distinctive and delicious in taste, which has the strength of coffee, the health benefits of tea, and the euphoria of chocolate all in one beverage.  Of the six commonly used stimulants in the world: coffee, tea, kola nut, cocoa and guarana, yerba mate triumphs as the most balanced, delivering both energy and nutrition.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

15. Yerba mate has long been a popular drink in South American countries, particularly Argentina, Paraguay, Uruguay, and Southern Brazil, where it is the national drink. Yerba mate is traditionally consumed from a gourd through a stainless steel straw, and features prominently in local cultural rituals, as the gourd will be passed from person to person during gatherings.

16. In recent years, the popularity of healthy, organic, and caffeinated beverages has grown exponentially and the yerba mate industry is exploding into a fast-growing beverage category in the United States.

**The Guayakí Story and Brand**

17. GUAYAKÍ was founded in 1996 by two like-minded entrepreneurs who wanted to share their love of yerba mate with the world, with a vision of protecting and restoring the South American rainforests and empowering the native forest people. The two co-founders were quickly joined by three other pioneering partners to round out the original founding seed group. The GUAYAKÍ group channeled their activist mentality into the creation of a new restorative business model, which directly marketed core values of reforestation and fair-trade to consumers, calling for their participation in the movement through purchasing GUAYAKÍ yerba mate.

18. The GUAYAKÍ group dedicated themselves to making and marketing organic, fair-trade yerba mate the mainstream energy source of choice, and proving that a company can be profitable while operating sustainably.

19. GUAYAKÍ yerba mate was developed with these core philosophies and marketed to consumers who were invited to support GUAYAKÍ environmental and fair-trade efforts and enjoy the highest quality yerba mate beverage.

20. The GUAYAKÍ yerba mate products are themselves unique. Unlike most yerba mate products, which are commercially grown in direct sunlight for maximum yield and are mono-cultivations which deplete soil and lack biodiversity, GUAYAKÍ's yerba mate is cultivated to grow in the shade of the forest. Like high quality coffee, high quality yerba mate is shade-grown in the rich ecosystem of the rainforest, delivering more flavor and nutritional value. Sheltered from direct sunlight, which can burn the leaves and make them bitter, rainforest-grown yerba mate leaves are dark, emerald green and teeming with nutrients and flavor.

Case No.                                                                                    COMPLAINT

21.     GUAYAKÍ yerba mate is grown, harvested, and dried according to time-honored traditions.  Harvested from the lush subtropical forest, GUAYAKÍ hand-picks only the leaves and tender stems from the plants.  By combining the leaves and tender stems, GUAYAKÍ is able to produce a yerba mate with a unique, full-flavor and balanced energy.  After passing through a flash heating process to protect the antioxidants and nutritional properties, the yerba mate is dried at low-temperatures.  Finally, the yerba mate is aged for one year in cedar chambers for a smooth, rich and balanced flavor.  Each of GUAYAKÍ's loose yerba mate offerings is created in a unique way.

22.     In addition to its superior product, GUAYAKÍ becomes intimately involved with its partnering farmers and encourages cultivation under native rainforest trees, which have been nearly 95% deforested. This promotes the preservation of forests, and in addition, encourages  farmers to reforest native hardwood species.  Once a farmer agrees to partner with GUAYAKÍ, it provides technical advice on how to create nurseries, helps farmers manage the organic growing process from cultivation through harvest and then buys what they produce.  The farmers, in turn, repopulate their rainforest with the native hardwood trees – which restores the land to its original shaded, biodiverse state – and provides a living wage and fair working conditions.

23.     GUAYAKÍ pioneered an innovative business model that directly links customers' purchases to its partner farming communities in the South American Atlantic Rainforests. GUAYAKÍ's partners sustainably harvest organic yerba mate from rainforest-grown cultivations and reforestation projects, generating a renewable income stream that enables these communities to improve their lives and restore their lands.

24.     Through its thoughtful planning and investment GUAYAKÍ succeeded in obtaining the prestigious and exclusive Fair for Life - Social & Fair Trade Certification in 2009 – the first Fair Trade Certified yerba mate supplier in the world to do so.  "Fair for Life" is an independent certification that combines strict standards for social accountability and fair-trade for socially responsible companies.  Fair for Life certification establishes that GUAYAKÍ is committed to paying fair prices for goods as well as paying fair wages to its employees and supporting the well-being of the local communities that supply its product chain.

25.     GUAYAKÍ is committed to the environment for more than just its growth and harvest of yerba mate.  GUAYAKÍ's restoration projects are primarily based in the lush yerba mate growing regions of Argentina, Paraguay and Southern Brazil.  When GUAYAKÍ yerba mate is harvested, the trees are carefully pruned for optimum quality and future health of the trees.  GUAYAKÍ places a premium on biodiversity, recognizing that only 7% of the Atlantic Forest remains, and considering it a priority, responsibility, and ethical imperative to steward this forest.  The purchase of a GUAYAKÍ product helps drive more forest restoration.

26.     Additionally, GUAYAKÍ focuses on renewable energy sources.  GUAYAKÍ's corporate offices are 100% renewable through the local power company, mainly utilizing geothermal power.  GUAYAKÍ intends to develop a fossil fuel-free fleet for delivery of all its products, and approximately 50% of its delivery fleet is electrically-powered.  GUAYAKÍ offsets 55 tons of its corporate $CO_2$ footprint locally, and purchases enough solar power to offset the carbon energy market in a similar way.

27.     Recently, GUAYAKÍ also pioneered a groundbreaking biodegradable and compostable packaging, which breaks down completely in 180 days from discard which allows GUAYAKÍ to significantly reduce the environmental impact of its packaging – making the new packaging more eco-friendly than most other products in the market place.

28.     As a result of these intensive and focused development efforts, GUAYAKÍ has built loyalty and goodwill among consumers.  The commitment of GUAYAKÍ's customers to the brand shows that consumers care about what is inside the product they purchase and how it is made.  This brand goodwill associated with GUAYAKÍ's products has been acquired through considerable expense and sustained effort.

29.     GUAYAKÍ's customers know that, by choosing GUAYAKÍ yerba mate, they act as a driving force for conservation and community development by paying a fair-trade price for their beverage.

30.     In order to differentiate itself from competitors in the market and allow customers to instantly recognize GUAYAKÍ yerba mate, GUAYAKÍ deliberately chose a unique and inherently distinctive "look and feel" for its incomparable products.  The word GUAYAKÍ, itself, is unusual in

that it is unfamiliar to American consumers and its pronunciation is not obvious. It refers to the name given to members of the Guaranian indigenous peoples of the region of Paraguay in which yerba mate has been naturally cultivated. It was chosen specifically for its Paraguayan roots, as a sign of respect to these native peoples, and in an effort to encourage American consumers to learn more about the region and its locals. GUAYAKÍ undertook the additional cost of marketing a product that Americans may not be able to pronounce in order to establish important elements of its products – authenticity, respect for the land, people, and traditions, and a desire to educate its consumers about the product.

31. The color and design of GUAYAKÍ's products is especially distinctive to reflect the company's unique corporate values and ethic – focused on energizing and enlightening its consumers. As far back as at least 2009, GUAYAKÍ's can design and bold graphics were recognized, in conjunction with GUAYAKÍ's commitment to sustainability, as a game-changer and key attraction to consumers. Consumers identify GUAYAKÍ's Fair for Life, ethically-sourced organic, fair-trade yerba mate by its unique and proprietary packaging. When consumers look for or describe GUAYAKÍ products, if they do not recognize the product by name, they recognize "the mate in a yellow can I can't pronounce."

32. Since its inception, GUAYAKÍ yerba mate has been sold in packaging which focuses on the rich cultural and traditional history of the rainforest from which yerba mate is sourced. The packaging is a bold golden yellow base, evoking feelings of energy and warmth in consumers. GUAYAKÍ YERBA MATE is emblazoned on the packaging in a rust color reminiscent of the Amazonian soil where yerba mate is grown, surrounded by a strong graphic with a focus on gourd artists, a reminder of the traditional gourds from which yerba mate is consumed in its native countries. Directly above its text, centered on the can, is a small icon, that reflects the source of the beverage. GUAYAKÍ uses a bold, all caps stylized font to identify it as the source of the product on the front of the label. (Figure 1 depicts GUAYAKÍ product packaging as it appears on the market.)



(Figure 1.)

33.    The combination of the these colors, traditional elements, and unusual name clearly distinguishes GUAYAKÍ's products from those of other beverage producers on shelves.

34.    GUAYAKÍ has retained these distinctive features as the prominent design elements of its GUAYAKÍ yerba mate packaging throughout its 21 years on the market.

35.    This unique packaging constitutes GUAYAKÍ's distinctive trade dress (the "GUAYAKÍ Trade Dress"), an important and valuable asset of GUAYAKÍ, and a source-identifier for GUAYAKÍ yerba mate products.

36.    The GUAYAKÍ Trade Dress has been used in interstate commerce to identify and distinguish GUAYAKÍ's products since at least 1996, and serves as a symbol of GUAYAKÍ's quality, reputation, and goodwill.

37.    GUAYAKÍ's Trade Dress is distinctive, original, and nonfunctional and has constituted valuable and protectable trade dress of GUAYAKÍ since a time prior, and at all material times, to the acts of Defendant complained of herein.  Moreover, even if GUAYAKÍ's Trade Dress were not inherently distinctive, it has acquired a distinctive secondary meaning to purchasers within the beverage market in which Defendant sell its wares.

38.    GUAYAKÍ makes use of GUAYAKÍ Trade Dress in interstate commerce by displaying it on product packaging, signage, various promotional materials, public relations and community outreach (including sponsorship of events and causes), as well as various channels of advertising including its extensive social media presence and website.

39.    GUAYAKÍ has invested substantial time and money developing, using, and otherwise promoting the GUAYAKÍ Trade Dress in the United States in an effort to create a strong association

between GUAYAKÍ's fair-trade, sustainably-sourced organic products and services, goodwill, and brand.

40.     As a result of the conscious strategy employed by GUAYAKÍ in the conduct of its business, and the high quality and sustainable nature of GUAYAKÍ's products and services offered under its Trade Dress, the GUAYAKÍ Trade Dress has acquired secondary meaning throughout the United States including California.

41.     GUAYAKÍ yerba mate's explosive success in the energy drink and health beverage market is due in significant part to its unique and distinctive Trade Dress that allows consumers to readily associate its products with GUAYAKÍ, and the market's association of GUAYAKÍ Trade Dress with GUAYAKÍ's high quality product and its unmatched dedication to the environment, fair-trade, and the global community.

42.     In the more than 20 years since GUAYAKÍ began selling its category-defining organic, fair-trade yerba mate, GUAYAKÍ has consistently been a leader within the category. GUAYAKÍ's top-selling flavor profiles include Bluephoria, Orange Exuberance, Revel Berry, Enlighten Mint, and Lemon Elation.  In fact, GUAYAKÍ's Lemon Elation was awarded BEST NEW TEA and BEST NEW PACKAGE by BevNET, the leading beverage-oriented media company, in 2009.

43.     Over the course of those years, at times GUAYAKÍ has expanded its yerba mate offerings into sparkling mate, loose leaf mate, mate bags, tereré or cold mate, mate shots, and even branded accessories.  With this product expansion, GUAYAKÍ has conscientiously continued its community, fair-trade, and environmentally-focused business model.

44.     Today, GUAYAKÍ's distributors include such well-known retailers as Whole Foods, Kroger, Fred Meyers, Safeway, Vons, 7-11, and Walgreens,  among others.  Each of these retailers sell GUAYAKÍ yerba mate in various locations throughout the country.

45.     To complement its recognition as an innovator and fair-trade and sustainability leader, GUAYAKÍ cultivates a strong social media presence through which it regularly interacts with customers and sponsors events like marathons, food sustainability conferences, Earth Day activities, fundraisers, and music, film, and wellness festivals.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

46.     At the center of its social media and community identity is the promotion of GUAYAKÍ's unique and distinctive packaging of GUAYAKÍ yerba mate.

47.     For example, GUAYAKÍ uses the Twitter hashtag #ComeToLife, promoted by GUAYAKÍ's Facebook and Instagram pages, and encourages followers to post photos of themselves with GUAYAKÍ products including products utilizing the GUAYAKÍ Trade Dress, in the midst of activities and in locations throughout the country.



(Figure 2 depicts several social media posts from GUAYAKÍ customers, depicting the GUAYAKÍ Trade Dress.)

48.     GUAYAKÍ also maintains a website located at http://www.guayaki.com, where it integrates the history of GUAYAKÍ and its design elements, including extensively displays of GUAYAKÍ yerba mate products and the GUAYAKÍ Trade Dress in order to promote its products.

**Defendant's Infringing Products**

49.     YACHAK, a newcomer to the yerba mate market, is attempting to capitalize on GUAYAKÍ's incredible success and goodwill, and styled even its brand name after that of GUAYAKÍ.  GUAYAKÍ specifically adopted its Paraguayan brand name as part of its overall

Case No.                                                                                    COMPLAINT

GUAYAKÍ Trade Dress, oft-described by customers as a yellow can with an unpronounceable name. YACHAK has chosen an Ecuadoran word – notably, a country where mate is not popularly consumed – in connection with its yellow canned yerba mate and packaging (as depicted in Figure 3 below) which is confusingly similar to the GUAYAKÍ Trade Dress.



(Figure 3 depicts product packaging for YACHAK yerba mate.)

50.     Like the GUAYAKÍ Trade Dress, the packaging of the YACHAK yerba mate (Figure 3 above) also includes the unusual elements of having a South American-based brand name, bright yellow coloring, tribal-like design element, and centered brand – organic – large print, all caps "yerba mate" – flavor profile (the "Infringing Trade Dress").

51.     YACHAK's yerba mate is also being promoted to consumers as being produced from a similar source to GUAYAKÍ yerba mate, but upon information and belief, YACHAK's yerba mate is sun-grown (as opposed to GUAYAKÍ's shade-grown yerba mate). YACHAK is also marketing yerba mate with a label stating it is a USDA-certified, although record of such certification cannot be found. The term YACHAK itself appears to be an attempt to employ a reference to an area of South America and suggest to consumers a commitment to paying tribute to the origins of this product (although, upon information and belief, none of YACHAK's yerba mate is cultivated in Yachak, Ecuador). Particularly due to the differences in growth, harvesting, authenticity, and meeting of organic certification standards, the likelihood of confused consumers being disappointed by YACHAK's yerba mate is high and will damage GUAYAKÍ's reputation and goodwill.

52.     Despite these disparities between YACHAK and GUAYAKÍ yerba mate, YACHAK is marketing yerba mate flavors which are nearly identical to GUAYAKÍ's – berry red, ultimate mint,

and berry blue (as compared to GUAYAKÍ's top-selling offerings – revel berry, enlighten mint, and bluephoria).

53.     Upon information and belief, Defendant's decision to offer YACHAK yerba mate in strikingly similar trade dress packaging to the GUAYAKÍ Trade Dress is unrelated to any potentially alleged functional aspect of the trade dress.

54.     Defendant, upon information and belief, has recently begun marketing its yerba mate to several of the same stores as GUAYAKÍ yerba mate.  Upon information and belief, YACHAK has begun to sell its yerba mate this week, and intends to expand its sale and distribution nationwide.

55.     Upon information and belief, prior to the appearance of Defendant's yerba mate on the market, GUAYAKÍ yerba mate was the only yerba mate featuring a trade dress that combined the unique and distinctive elements of the GUAYAKÍ Trade Dress.

56.     Upon information and belief, given the strikingly similar appearance of the product packaging, Defendant's Infringing Trade Dress has likely already caused confusion, and will continue to cause confusion, with the GUAYAKÍ Trade Dress.  Indeed, a side-by-side comparison of the packaging for GUAYAKÍ yerba mate and Defendant's yerba mate (Figure 4) illustrates the many non-functional, distinguishing, attributes the packaging of the companies share.



(Figure 4.)

57.     The overall appearance of Defendant's infringing yerba mate packaging is nearly identical to the overall appearance of the GUAYAKÍ yerba mate packaging and the GUAYAKÍ Trade Dress.

58.     Upon information and belief, Defendant deliberately chose to copy the GUAYAKÍ Trade Dress in an effort to trade on the goodwill, reputation, and success of GUAYAKÍ yerba mate.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

Case No.                                                                                                    COMPLAINT

As a challenger brand to GUAYAKÍ's premium product, Defendant is intentionally attempting to confuse consumers with its Infringing Trade Dress and promotional efforts.

59.     YACHAK's adoption of a look for YACHAK yerba mate demonstrates Defendant's hope to cause confusion with GUAYAKÍ, in order to confuse and deceive the market as to the source of YACHAK yerba mate.

60.     Defendant has no authority from GUAYAKÍ, directly or indirectly, to utilize the GUAYAKÍ Trade Dress or to license others to do so.

61.     Defendant is engaging in the above infringing activities knowingly and intentionally for the purpose of trading on the well-established goodwill and reputation of GUAYAKÍ.

62.     For the reasons set forth above, Defendant's activities, *inter alia*, infringe the GUAYAKÍ Trade Dress, which results in irreparable harm to GUAYAKÍ.  This harm to Guayakí is compounded by Yachak's use of an inauthentic version of the Guayakí name.

63.     GUAYAKÍ therefore files this proceeding to protect its rights to its unique and distinctive GUAYAKÍ Trade Dress, to avoid further customer confusion, and to prevent irreparable harm to its brand and its business.

### FIRST CLAIM FOR RELIEF
### <u>FEDERAL TRADE DRESS INFRINGEMENT, TITLE 15 U.S.C. § 1125(a)</u>

64.     GUAYAKÍ incorporates by reference each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

65.     GUAYAKÍ has established trade dress rights in the GUAYAKÍ Trade Dress.

66.     The GUAYAKÍ Trade Dress is not functional and was chosen to serve as an easy source-identifier and to differentiate GUAYAKÍ yerba mate from other yerba mate products on the market.

67.     The GUAYAKÍ Trade Dress is inherently distinctive, because its unique features naturally serve to identify GUAYAKÍ as the source of the product to consumers.

68.     Even if the GUAYAKÍ Trade Dress is not inherently distinctive, it has acquired secondary meaning through GUAYAKÍ's two decades-long presence as the yerba mate market

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

Case No.                                                                                          COMPLAINT

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

leader, as well as its extensive promotional, advertising, marketing (including through social media), sales, and exclusive use of the GUAYAKÍ Trade Dress.

69. Defendant has used or intend to use in commerce the Infringing Trade Dress, which is nearly identical or confusingly similar to the GUAYAKÍ Trade Dress, in connection with the sale, offering for sale, distribution, or advertising of yerba mate products under the name YACHAK.

70. As described above, the Infringing Trade Dress shares numerous virtually identical elements of the GUAYAKÍ Trade Dress.

71. Defendant knew or had reason to know of GUAYAKÍ's distinctive trade dress, and deliberately copied the GUAYAKÍ Trade Dress for Defendant's commercial advantage, in order to impermissibly benefit from GUAYAKÍ's well-established goodwill, reputation, and success.

72. Defendant's imitating and infringing use of identical and substantially similar designs and placement to the GUAYAKÍ Trade Dress creates a likelihood of confusion, mistake or deception as to the affiliation, connection, association, origin, sponsorship, approval, commercial activities, nature, characteristics and qualities of Defendant's goods relative to GUAYAKÍ's goods.

73. As a result of Defendant's Infringing Trade Dress, consumers (including distributors, buyers, and customers) are likely to be and, unless Defendant is restrained, will be, confused about the origin of YACHAK yerba mate and about the relationship between Defendant and GUAYAKÍ.

74. GUAYAKÍ is being, and will continue to be, damaged by Defendant's acts of infringement in an amount to be determined at trial.

75. Upon information and belief, Defendant's conduct is willful, deliberate, intentional, and in bad faith.

76. By copying, imitating and infringing GUAYAKÍ's protected GUAYAKÍ Trade Dress in its Infringing Trade Dress, Defendant is engaged in trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a).

77. By reason of Defendant's unlawful actions, GUAYAKÍ suffered and continues to suffer irreparable harm including, but not limited to, detriment and diminution in value of its Trade Dress for which there is no adequate remedy at law. Accordingly, GUAYAKÍ is entitled to an injunction against Defendant, pursuant to 15 U.S.C. § 1116.

Case No.                                                                                           COMPLAINT

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION, TITLE 15 U.S.C. § 1125(a)

78.     GUAYAKÍ incorporates by reference each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

79.     GUAYAKÍ has common law rights to the GUAYAKÍ Trade Dress, which is uniquely associated with GUAYAKÍ as a source of the organic, fair-trade yerba mate offered in connection with such trade dress.

80.     The GUAYAKÍ Trade Dress is not functional and is inherently distinctive and/or has acquired distinctiveness.

81.     Defendant is using in commerce trade dress which is nearly identical or confusingly similar to the GUAYAKÍ Trade Dress in connection with yerba mate which constitutes a false designation of origin, a false or misleading description of fact, and/or false or misleading representation of fact, and likely has caused and is likely to continue to cause confusion, mistake, and/or deception as to the affiliation, connection or association of Defendant with GUAYAKÍ; the origin, sponsorship, or approval of Defendant or Defendant's products by GUAYAKÍ; and/or the nature, characteristics, or qualities of Defendant's goods that bear the Infringing Trade Dress.

82.     The aforesaid acts constitute Federal Unfair Competition in violation of Title 15 U.S.C. § 1125(a).

83.     GUAYAKÍ is being, and will continue to be, damaged by Defendant's acts of unfair competition in an amount to be determined at trial.

84.     Upon information and belief, Defendant's conduct is willful, deliberate, intentional, and in bad faith.

85.     As a result of Defendant's acts, Defendant has caused, and will continue to cause, irreparable harm to GUAYAKÍ and to the goodwill associated with the GUAYAKÍ Trade Dress, for which GUAYAKÍ has no adequate remedy at law.  Thus, GUAYAKÍ is entitled to injunctive and other relief.

## THIRD CLAIM FOR RELIEF
## COMMON LAW TRADE DRESS INFRINGEMENT UNDER CALIFORNIA LAW

86. GUAYAKÍ incorporates by reference each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

87. GUAYAKÍ is the owner of common law rights in and to the GUAYAKÍ Trade Dress, which is uniquely associated with GUAYAKÍ as a source of organic, fair-trade yerba mate offered in connection with the GUAYAKÍ Trade Dress.

88. The GUAYAKÍ Trade Dress is not functional and is inherently distinctive and/or has acquired distinctiveness.

89. GUAYAKÍ has established goodwill associated with the GUAYAKÍ Trade Dress and Defendant is trading upon GUAYAKÍ's goodwill through unauthorized and unlicensed use of GUAYAKÍ's common law trade dress rights in the GUAYAKÍ Trade Dress.

90. Defendant's intentional, unauthorized use of a trade dress which is nearly identical or confusingly similar to the GUAYAKÍ Trade Dress, in connection with the sale, offering for sale, distribution, or advertising of YACHAK yerba mate is likely to cause confusion, or to cause mistake or to deceive, in violation of California common law.

91. Defendant's intentional, unauthorized use of a trade dress, which is nearly identical or confusingly similar in appearance to the GUAYAKÍ Trade Dress, in connection with the promotion and/or sale of YACHAK yerba mate, constitutes infringement of GUAYAKÍ's preexisting common law rights in the GUAYAKÍ Trade Dress, which GUAYAKÍ acquired in good faith.

92. Upon information and belief, by deliberately copying the GUAYAKÍ Trade Dress, Defendant willfully, deliberately, maliciously, intentionally, knowingly, and in bad faith violated – and continues to violate – GUAYAKÍ's common law trade dress rights.

93. As a result of Defendant's acts, Defendant has caused, and will continue to cause, irreparable harm to GUAYAKÍ and to the goodwill associated with the GUAYAKÍ Trade Dress, for which GUAYAKÍ has no adequate remedy at law. Thus, GUAYAKÍ is entitled to injunctive and other relief.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FOURTH CLAIM FOR RELIEF**
**COMMON LAW UNFAIR COMPETITION UNDER CALIFORNIA LAW**

94. GUAYAKÍ incorporates by reference each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

95. GUAYAKÍ is the owner of common law rights in and to the GUAYAKÍ Trade Dress, which is uniquely associated with GUAYAKÍ as a source of organic, fair-trade yerba mate offered in connection with the GUAYAKÍ Trade Dress.

96. The GUAYAKÍ Trade Dress is not functional and is inherently distinctive and/or has acquired distinctiveness.

97. GUAYAKÍ has established goodwill associated with the GUAYAKÍ Trade Dress and Defendant is trading upon GUAYAKÍ's goodwill through unauthorized and unlicensed use of GUAYAKÍ's common law trade dress rights in the GUAYAKÍ Trade Dress.

98. Upon information and belief, Defendant has misappropriated the GUAYAKÍ Trade Dress in order to exploit and trade off of GUAYAKÍ's well-established goodwill and reputation in the market.

99. Defendant's conduct, including as described above, has likely caused and will likely continue to cause mistake or confusion or to deceive as to the affiliation, connection, and/or association of Defendant with GUAYAKÍ as to the origin, sponsorship, or approval of YACHAK yerba mate or Defendant's commercial activities by GUAYAKÍ, and/or as to the nature and quality of Defendant's infringing products, in violation of California common law.

100. Upon information and belief, Defendant's unfair and unlawful conduct, including as described above, is deliberate, knowing, and in willful disregard of GUAYAKÍ's intellectual property rights.

101. Upon information and belief, Defendant's intentional and willful actions set forth above constitute unlawful "passing off" under California unfair competition common law.

102. Defendant's actions have caused and will continue to cause irreparable injury to GUAYAKÍ and have resulted and will continue to result in unjust enrichment to Defendant unless

-16-

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

Defendant is restrained and/or enjoined by this Court from further violations of GUAYAKÍ's trade dress rights.

103.     As a result of Defendant's acts, Defendant has caused, and will continue to cause, irreparable harm to GUAYAKÍ and to the goodwill associated with the GUAYAKÍ Trade Dress, for which GUAYAKÍ has no adequate remedy at law.  Thus, GUAYAKÍ is entitled to injunctive and other relief.

## FIFTH CLAIM FOR RELIEF
## <u>UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 et seq.</u>

104.     GUAYAKÍ incorporates by reference each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

105.     Defendant's use of the Infringing Trade Dress misleads consumers, by relying on false designations closely resembling the GUAYAKÍ Trade Dress and passing off Defendant's goods as affiliated with GUAYAKÍ, thereby likely causing confusion between the Infringing Trade Dress and the GUAYAKÍ Trade Dress.

106.     Defendant's unfair and unlawful conduct, including use of the Infringing Trade Dress, likely causes confusion and deceives purchasers (including distributors, buyers and end customers), and is likely to continue to cause confusion or deceive purchases, as to the affiliation, connection or association of Defendant with GUAYAKÍ, the origin, sponsorship, or approval of YACHAK yerba mate by GUAYAKÍ, and/or the nature, characteristics, or qualities of Defendant's goods that bear the Infringing Trade Dress.

107.     Defendant's infringement of GUAYAKÍ's intellectual property rights, as alleged herein, constitutes unlawful, unfair, fraudulent, unethical, oppressive and deceptive business practices under California Business & Professions  Code §§ 17200, *et seq*.

108.     Defendant's conduct, as alleged herein, violates and threatens to violate consumer protection laws, including trademark and trade dress laws, and the policy and spirit of such laws, and otherwise threatens or harms competition.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

109. Defendant's conduct, as alleged herein, is likely to continue to mislead the general public and, consequently, constitutes a fraudulent business act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq*.

110. These acts will continue to deceive the public, unless enjoined.

111. As a direct and proximate result of Defendant's unfair business practices as alleged herein, GUAYAKÍ has lost money and property and suffered injury in fact, and will continue to suffer irreparable harm for which GUAYAKÍ does not have an adequate remedy at law, and therefore, GUAYAKÍ is entitled to injunctive and other relief.

### SIXTH CLAIM FOR RELIEF
### UNFAIR COMPETITION (PALMING OFF) UNDER CALIFORNIA COMMON LAW

112. GUAYAKÍ incorporates by reference each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

113. GUAYAKÍ enjoys protectable rights in its Trade Dress.

114. GUAYAKÍ has used its GUAYAKÍ Trade Dress in intra and interstate commerce in connection with the advertising and promotion of its goods and services.

115. GUAYAKÍ's use of its GUAYAKÍ Trade Dress has achieved a secondary meaning and is recognized by the public as inextricably connected to GUAYAKÍ.

116. Defendant has used, and continue to use, colorable imitations of the GUAYAKÍ Trade Dress in interstate commerce in connection with the sale, advertising, and promotion of products bearing the Infringing Trade Dress throughout the State of California.

117. Upon information and belief, Defendant's unauthorized use of colorable imitations of the GUAYAKÍ Trade Dress likely caused, and will likely cause, confusion in the relevant consumer market.

118. Upon information and belief, Defendant's unauthorized use of the Infringing Trade Dress constitutes false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, and has likely caused and is likely will continue to create a likelihood of confusion, mistake or deception as to the affiliation, connection, association, origin,

Case No.                                                                                                    COMPLAINT

sponsorship, approval, commercial activities, nature, characteristics and qualities of Defendant's goods relative to GUAYAKÍ's goods.

119. Defendant's imitation of the GUAYAKÍ Trade Dress is nonfunctional and serves no purpose other than identification.

120. Upon information and belief, Defendant's false designations, descriptions, and representations were made deliberately and with knowledge of their falsity.

121. Defendant's actions constitute an unprivileged imitation in violation of California common law.

122. Upon information and belief, Defendant has acted in bad faith and/or willfully in adopting the Infringing Trade Dress in an effort to reap the benefits associated with GUAYAKÍ's Trade Dress.

123. Defendant's infringing acts caused, and will continue to cause, GUAYAKÍ to suffer irreparable injuries to its reputation and goodwill. GUAYAKÍ has no adequate remedy at law to recover for this harm, and therefore GUAYAKÍ is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GUAYAKÍ SUSTAINABLE RAINFOREST PRODUCTS, INC. prays for the following relief:

a. For an order that Defendant, its agents, servants, employees, attorneys and any related companies, and all persons in active concert or participation with one or more of them, be preliminarily and permanently enjoined and restrained from unlawfully using the Infringing Trade Dress and any trade dress that is confusingly similar to GUAYAKÍ's Trade Dress;

b. For an order requiring Defendant to deliver for destruction any and all products or other physical items in Defendant's possession that infringe upon the GUAYAKÍ Trade Dress;

c. For an order requiring an accounting and that Defendant pay over to GUAYAKÍ all monetary gains, profits, and advantages derived by Defendant from the acts complained of herein;

d. For an order disgorging from Defendant all ill-gotten profits gained as a result of Defendant's acts of unfair competition;

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

Case No.                                                                 COMPLAINT

e. For damages incurred by GUAYAKÍ, including enhanced damages (up to treble damages) as authorized under 15 U.S.C. § 1117;

f. For punitive and exemplary damages to be determined by the Court after a full hearing on the merits;

g. For GUAYAKÍ's attorneys' fees;

h. For GUAYAKÍ's costs in this suit;

i. For prejudgment interest to the maximum extent recoverable by contract or law; and

j. For such other relief as this Court may deem necessary or appropriate.

Dated: October 9, 2017

Respectfully submitted,

DENTONS US LLP

By: _____/s/ Kelly D. Fair_____
KELLY D. FAIR

Counsel for Plaintiff
GUAYAKÍ SUSTAINABLE RAINFOREST PRODUCTS, INC.

104908502

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

Case No.

COMPLAINT