IAN K. BOYD (State Bar No. 191434)
E-Mail:  *iboyd@sideman.com*
ANNA P. CHANG (State Bar No. 301468)
E-Mail:  *achang@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:  (415) 392-1960
Facsimile:  (415) 392-0827

Attorneys for Defendant
YACHAK, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> YACHAK, LLC, <br><br> Defendant. | Case No. 17-cv-05809-VC <br><br> **MOTION TO EXTEND TIME TO RESPOND TO AMENDED COMPLAINT AND TO RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** <br> **[Civil L.R. 6.3]** <br><br> Judge:  Honorable Vince Chhabria |

10222-2\3534621v3

Case No. 17-cv-05809-VC

MOTION TO EXTEND TIME TO RESPOND TO AMENDED COMPLAINT AND TO RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 6 and Local Rule 6-3, Defendant Yachak, LLC ("Defendant" or "Yachak") hereby moves to extend its time to respond to the Amended Complaint and Renewed Motion for Temporary Restraining Order and Preliminary Injunction ("Renewed Preliminary Injunction Motion") filed by Plaintiff Guayaki Sustainable Rainforest Products, Inc. ("Plaintiff" or "Guayaki").

Plaintiff's Amended Complaint and Renewed Preliminary Injunction Motion seeks interim relief that would force the immediate recall of hundreds of thousands, if not millions, of cans of Defendant's products. Plaintiff has not yet sought a hearing date for its Renewed Preliminary Injunction Motion. Defendant accordingly requests an additional fourteen days to respond to the Amended Complaint and the Renewed Preliminary Injunction Motion. Defendant requested that Plaintiff stipulate to the additional fourteen days and Plaintiff declined to do so.

## I.     PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff alleges that its trade dress is infringed by Defendant's yerba mate ready-to-drink products. The parties do not dispute the following timeline:

**August 2017** -- Plaintiff contends that it first became aware of Yachak's product packaging. Declaration of Patrick Lee ("Lee Decl.") ISO Renewed Preliminary Injunction Motion, ¶ 11 (Dkt No. 42-2).

**October 9, 2017** – Plaintiff files its Complaint. This is the first time Plaintiff puts Defendant on notice of its concerns.

**November 14, 2017** – Plaintiff serves its Complaint on Defendant.

**December 18, 2017** – Defendant moves to dismiss Plaintiff's Complaint, set for hearing on February 1, 2018.

**January 26, 2018** – the Court reschedules the Motion to Dismiss hearing from February 1, 2018 to March 15, 2018

**March 13, 2018** – two days before the scheduled Motion to Dismiss hearing, and approximately seven months after first becoming aware of Defendant's trade dress, Plaintiff files a Motion for Preliminary Injunction. Plaintiff does not notice a hearing date for its motion, nor does it confer with Defendant regarding a hearing date before filing.

1   **March 14, 2018** – the Court takes the Motion to Dismiss hearing off calendar and issues a written ruling granting Defendant's Motion to Dismiss with leave to amend, and ruling Plaintiff's Preliminary Injunction Motion as moot while inviting Plaintiff to re-file its motion.

**March 20, 2018** – Plaintiff files its Amended Complaint and Renewed Preliminary Injunction Motion. Plaintiff does not notice a hearing date for its motion, nor did it confer with Defendant for one prior to filing.

Plaintiff's Renewed Preliminary Injunction Motion seeks interim relief that if granted, would require the recall of hundreds of thousands, if not millions, of cans of Defendant's products across the country. Plaintiff's Renewed Preliminary Injunction Motion includes a trademark survey (without any of the raw data supporting the survey). Putting aside that Defendant has sold several <u>million</u> cans of its products without being aware of any instances of actual confusion, Defendant firmly believes that the survey submitted by Plaintiff is quite flawed. Defendant requires third-party assistance to demonstrate this properly which also causes Defendant to require additional time for its response. Declaration of Ian K. Boyd ("Boyd Decl."), ¶ 4.

Upon receiving Guayaki's Renewed Preliminary Injunction Motion, counsel for Yachak began contacting various third parties for the purposes of their assistance in assessing the flawed survey. Boyd Decl., ¶ 4. Defendant is further investigating additional issues which it does not yet wish to disclose but it asserts its good-faith belief that such investigation will also facilitate Defendant's defense of this matter. However, given the short notice and scheduling conflicts out of counsel's control, including those arising due to Passover and Easter, Defendant requires additional time to properly prepare its response. *Id.* at ¶ 5.

On March 27, 2018, counsel for Yachak contacted counsel for Guayaki, requesting a two-week extension (until Tuesday, April 17) to respond to Guayaki's Amended Complaint and Renewed Preliminary Injunction Motion. Boyd Decl., ¶ 6. Plaintiff's counsel replied that Guayaki would only stipulate to extending Yachak's time to Friday, April 13, stating that it would not agree to fully accommodate the request because "we believe that this is an urgent matter that needs to be addressed by the Court promptly." *Id.* at ¶6.

Counsel for Yachak responded by stating that two weeks was the minimal amount of time Yachak needed to prepare its response to Guayaki's Amended Complaint and Renewed Motion for TRO. *Id.* at ¶ 6.

## II.     LEGAL ANALYSIS

Federal Rule of Civil Procedure 6(b)(1) states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made[] before the original time . . . expires." "[R]equests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (internal quotations and alterations omitted).

### A.     Good Cause Exists to Allow Yachak Additional Time to Respond

Guayaki seeks to prevent Yachak, arguably its biggest competitor in the yerba mate market, from selling its products in their current form. Basic considerations of equity and fairness require that Yachak be given adequate time to prepare its response to Guayaki's Amended Complaint and Renewed Preliminary Injunction Motion. This is especially true when the relief sought will result in the nationwide recall of hundreds of thousands, if not millions, of Defendant's cans and irrevocably damage countless distributor and retailer relationships for Yachak.

This modest extension of time would allow Yachak to properly consider and investigate Guayaki's Amended Complaint (which serves as a basis for whether Guayaki will be likely to succeed on the merits of its claims), consult with third parties regarding Guayaki's flawed survey and associated data, and further investigate additional defenses.

With respect to its manufactured sense of urgency, Guayaki waited <u>seven months</u> to bring its original Motion for Preliminary Injunction. It still has not even noticed a hearing date for its Renewed Preliminary Injunction Motion. Conversely, Yachak asks for only two additional weeks to properly defend itself from the drastic and extraordinary relief sought by Plaintiff.

### B.     Yachak Has Acted In Good Faith

Upon being served with Guayaki's Amended Complaint and Renewed Motion for TRO, Yachak's counsel acted diligently to assess the Amended Complaint and the Renewed Motion for

10222-2\3534621v3         3         Case No. 17-cv-05809-VC
MOTION TO EXTEND TIME TO RESPOND TO AMENDED COMPLAINT AND TO RENEWED MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Preliminary Injunction. Yachak promptly sought an extension from Guayaki when it determined that an extension would be necessary. Throughout this litigation, the parties have acted cordially in accommodating each other in terms of scheduling. Though Yachak would have preferred to reach an agreement with Guayaki on this matter as well, Yachak requires a two-week extension to properly prepare its response and defend its rights. It would not have brought this motion unless absolutely necessary.

### C.   Guayaki Will Not Incur Prejudice With An Extension of Time

Guayaki will not incur any prejudice should the Court grant this motion. Indeed, Guayaki has not even sought a hearing date for the Renewed Preliminary Injunction Motion. Moreover, Guayaki's own actions for the past seven months belie any claim of urgency. Guayaki waited approximately two months after becoming aware of Yachak's products to file suit, three months to serve its Complaint, and seven months to move for a TRO and preliminary injunction. Allowing Yachak an additional two weeks to respond to Guayaki's Amended Complaint and Renewed Preliminary Injunction Motion will neither harm nor otherwise prejudice Guayaki.

## III.   CONCLUSION

For the reasons noted above, Defendant respectfully requests that the Court extend the deadline for Yachak to respond to the Renewed Preliminary Injunction Motion and the Amended Complaint from April 3, 2017 to April 17, 2017. The requested extension will not affect or alter any part of the Court's schedule with respect to this action.

DATED: March 29, 2018                SIDEMAN & BANCROFT LLP

By:   /s/ Ian K. Boyd
Ian K. Boyd
Attorneys for Defendant
YACHAK, LLC

10222-2\3534621v3                    4                    Case No. 17-cv-05809-VC
MOTION TO EXTEND TIME TO RESPOND TO AMENDED COMPLAINT AND TO RENEWED MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION